**E-FILED**
Monday, 23 January, 2006  02:24:34 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SPCP GROUP, L.L.C., | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Case No. 05-1368 |
| | ) | |
| EPECTO, LLC;  et al, | ) | |
| Defendants | ) | |

**ORDER**

The burden is on the party invoking federal subject matter jurisdiction to establish this court's jurisdiction to entertain the suit.   Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton , 422 F.3d 490, 502 (7th Cir. 2005);  TIG Ins. Co. v. Reliable Research Co.  , 334 F.3d 630, 634 (7th Cir. 2003);  United Phosphorus, Ltd. v. Angus Chemical Co.,  322 F.3d 942, 946 (7th Cir. 2003);  NLFC, Inc. v. Devcom Mid-America, Inc., 45 F.3d 231, 237 (7th Cir.1995).

Plaintiff asserts that this court has diversity jurisdiction.  The complaint, however, lacks specificity as to the citizenship of the parties.  Plaintiff is therefore directed to file within 21 days of the date of this order an amended complaint setting forth the basis for its assertion that this court has diversity jurisdiction.

To the extent that citizenship of the Defendants is not known by the Plaintiff, Defendants are directed to cooperate as to that information.  If a protective order is needed, as is suggested in the pleadings, an agreed proposed order is to be submitted for entry within 14 days of the date of this order.

Ruling on all pending motions is deferred, as these motions are premised in whole or in part on the argument that this court lacks subject matter jurisdiction, or they are related to that argument.

ENTER this 23d day of January 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE